BANNER MANUFACTURING Co., INC., Plaintiff, *v.* LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Trial Term, New York County, April 20, 1949.

*Harte & Natanson* for plaintiff.

*Louis J. Carruthers* for defendant.

STEUER, J. Defendant has moved to set aside the verdict of the jury on the ground that it is against the weight of evidence and on the ground that error was committed in the charge.

The action was for damage to a shipment of 100,000 gallons of hydraulic brake fluid which plaintiff had purchased from one of the agencies of the United States Government and came from an army depot located near Memphis, Tennessee. Shipment was by rail over the lines of several connecting carriers, the defendant being the final carrier who delivered the cars to its yards in Brooklyn. The fluid was shipped in gallon cans which were in turn packed in cartons or cases, each of them holding six cans. The shipment consisted of twenty boxcars. The cars were loaded by the army whose officers thereafter sealed the cars and turned them over to the first carrier at the limits of the depot. Upon arrival, a great number of cans were found to be damaged, causing considerable loss of fluid by leakage. Plaintiff also suffered loss of cans and cartons. The condition of the contents of each of the twenty cars was approximately the same.

Defendant contends that plaintiff's evidence did not sustain the burden of establishing that the fluid was in good condition at the time of loading. It should be pointed out that no damage to the fluid per se is claimed and the condition referred to is that of the cans and their containers. There was no evidence as to any individual container and it is hardly to be expected that there would be. On the entire shipment and on the larger store from which it was taken there were many facts proved from which various inferences could be drawn. There was ample testimony on which the jury could have reached the conclusion necessary to their verdict.

The defendant also contends that the weight of evidence shows that the damage was caused by improper loading rather than any improper handling of the cars by any of the railroads. In this connection it points to the fact that the shipment originally proceeded in three separate trains and that at each junction point where a new carrier took over the trains were broken up and new ones of these cars and others made up. At one time these cars were proceeding to their destination in as many as

fourteen different trains, traveling on different days. The significance of these facts, plus the fact that the consequence in each of the cars was virtually the same, is quite serious. It would seem likely that each car suffered the same experience. It would seem improbable that each train would be mishandled to the extent necessary to effect the damage done. It is argued that it is more probable that the damage resulted from a condition that was common to all the cars, that is, from the way they were loaded. This contention was rejected by the jury. However cogent this argument may appear to other minds, it is nevertheless a deduction and the refusal to accept it is without consequence unless it can be said that reasonable minds would make no other. To that degree of certainty it does not attain.

But to this conclusion, the defendant claims, the jury were led by an error in the charge. The jury were instructed that the burden of establishing that the damage resulted from faulty or improper loading was on the defendant. This is the instruction complained of.

The defendant concedes that a case is made out when it is shown that merchandise is delivered to a carrier in good condition and arrives damaged. It further concedes that when this is shown the burden is on the carrier to show that the damage arose from a cause for which it is not responsible. These causes are generally referred to as " excepted causes " and it is not disputed that the burden in regard to them is not of going forward, but of proving.

The defendant claims that improper loading is not an excepted cause in the regular meaning of that term. It claims, and rightfully, that the carrier has no responsibility in regard to the loading of car-load lots as distinct from shipments of less than a car load. It is not required to do the loading and may accept the car without inspection. From this it assumes that loading is similar to the condition of the goods as to which the burden would be on the plaintiff.

This might well have been the way in which the law could have developed, but apparently it is not. The phrase " excepted causes " comes from causes excepted in the bill of lading and among these are acts of the shipper. It is incontestable that loading is an act of the shipper. And so have text writers considered the problem. (81 A. L. R. 811; 9 Am. Jur., Carriers, p. 944.) Similar statements can be found in decisions.

Aside from precedent there is justification for the rule as it is. The general rule is based upon the assumption that the carrier is the only one in a position to establish what happened to the

goods while in its possession. If the cause is contested the shipper is in the better position as regards the inherent nature of the merchandise, its resistance to the hazards of transport and the like. And as to that the burden should be on him. As regards loading where the issue is almost certainly to be joined with that of improper or rough handling the position of the carrier is superior and no equitable consideration requires that this should be an exception to the general rule.

The motion is denied.